OPINION OF THE COURT
Marie M. Lambert, S.
The question presented in this inter vivas trust accounting *85 proceeding of a trust created before 1956 is whether a successor cotrustee who qualified subsequent to June 5, 1978 is entitled to principal-receiving commissions on the original principal received by him, pursuant to SCPA 2308 (1) (a) as amended by Laws of 1978 (ch 237, § 8, eff June 5, 1978). The court has found no case deciding this precise issue.
There is no objection to the allowance of principal-receiving commissions for the accounting cotrustees who qualified prior to the enactment of this amendment. The income beneficiary and the presumptive remaindermen of the trust object only to the allowance of principal-receiving commissions to the co-trustee who qualified after the enactment of the 1978 amendment. The objectants contend that the statutory amendment applies not only to the realized and unrealized appreciation, as clearly set forth in such amendment, but also to the original principal.
The history of the legislation discloses that section 285-a of the Surrogate’s Court Act (predecessor to SCPA 2308) was first enacted in 1943. It increased the percentage of the total charge against principal and placed the commissions on a "pay as you go basis”. No principal commission was payable at the inception but a commission based on the value of the fund was payable at termination of the trust subject to certain máximums. Objections to the section soon surfaced primarily because annual principal commissions would be in an amount equal to 110% of the annual income commissions. This was perceived as an invitation to trustees to invest in high yield securities carrying a risk factor in order to increase their commissions.
The section was repealed in 1948 (L 1948, ch 582) and replaced by a new section 285-a which restored the rule of "receiving and paying out” as the basis for principal commissions and also continued in modified form the method of "pay as you go” of annual principal commissions.
In 1956 the Legislature created a new section numbered 285-b (L 1956, ch 931). This section was made prospective to avoid confusion as to existing trusts. Under section 285-b, principal-receiving commissions are discontinued and replaced by an annual commission payable one half from principal and one half from income, plus a commission from principal for paying out all sums of money constituting principal at the rate of 1% payable on the settlement of an account. (See, Fifth Report of Temp State Commn on Law of Estates, 1966 NY Legis Doc No. 19, at 180-181.)
*86 Although the newly created statute has functioned well, the difficulties engendered by section 285-a continued to exist (Fifth Report, op. cit.). In 1966 SCPA 2308 (derived from § 285-a) was enacted (L 1966, ch 953) on the recommendation of the Temporary State Commission on the Law of Estates and it was again amended in 1978.
It is not disputed that prior to the 1978 amendments, trustees of pre-1956 trusts earned less each year than trustees of post-1956 trusts. The difference was compensated to some extent by the pre-1956 trust receiving commission and higher paying commissions.
The New York State Bankers’ Association, the sponsor of the 1978 bill, by letter dated May 26, 1978 to the Governor reported that the bill would change the rate schedule to provide for uniform commission rates for trustees of pre-1956 trusts and trustees of post-1956 trusts. (See, mem of NY State Bankers’ Assn contained in Governor’s Bill Jacket for L 1978, ch 237.)
At issue is the interpretation of section 8 of the bill (L 1978, ch 237), which is not part of SCPA 2308, but which disallows the commissions provided by SCPA 2308 (1) (a) on "additions of property received, or on any increments in property realized, by a trustee on or after the effective date of this act.”
The author of the bill which amended the statute reports to this court that it was never the intention of the Legislature or the Bankers’ Association as sponsor of the bill to allow a trustee qualifying for office after the effective date of the bill to take principal-receiving commissions since the annual commissions and 1% paying commissions were intended to compensate fully new trustees coming into office after the effective date of the bill.
The Commentaries to the 1978 amendments by Charles E. Milch explain that this section was substantially amended to change the formula for computing the commissions of trustees of pre-1956 trusts by distinguishing between receiving and paying commissions.
"These changes constitute a net reduction in the commissions to which trustees are entitled upon final settlement. * * *
"The new commission rates became effective on June 5, 1978. However, the trustees’ principal receiving commissions under Subdivision 1 (a) do not apply to additions of property received or increments realized after the effective date.” *87 (Milch, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 2308, 1989 Pocket Part, at 87.)
As Surrogate Midonick noted in Matter of Silberman (NYLJ, May 19, 1982, at 7, col 2): "SCPA 2308 which regulates commissions of trustees for trusts created before August 31, 1956 was revised effective June 5, 1978 in an effort to bring the compensation afforded thereunder more into conformity with the rate schedule for post August 31, 1956 trusts (SCPA 2309).”
The Attorney-General’s memorandum to the Governor discussing the 1978 amendment finds no legal objection to the amendatory bill whose purpose is to conform SCPA 2308 to SCPA 2309 noting:
"Section 1 of the bill amends SCPA 2308 (1) to reduce the paying commissions on principal payable to trustees of pre1956 trusts to the same one percent commission payable to trustees under post-1956 trusts. Section 1 of the bill further retains the receiving commissions allowable to trustees of pre1956 trusts * * *.
"Section 8 of the bill makes the bill effective immediately and makes the amendements applicable to the annual rest date of any trusts occurring on or after the effective date of the act.
"Section 8 further limits the commissions allowable under SCPA 2308 (1) for receiving principal to commissions on property received prior to the effective date of this act” (mem of Attorney-General to Governor dated June 5, 1978, Bill Jacket, L 1978, ch 237).
The record before the court indicates section 8 of the Laws of 1978 (ch 237) is based upon the recommendations of the Attorney-General. His concern was that pre-1956 trustees would continue to collect principal-receiving commissions on increments in value of principal occurring after the effective date of the bill thereby destroying the concept of parity with trustees of post-1956 trusts who of course were not entitled to receiving commissions under SCPA 2309. The cotrustee contends that if the Legislature had intended to deny receiving commissions to a trustee qualifying after the effective date of the statute it would have included specific language doing so. It is further argued that the text of the statute itself shows that the Legislature intended to limit but not to eliminate receiving commissions under SCPA 2308.
While it is clear that neither section 1 nor section 8 of the *88 Laws of 1978 (ch 237) contains language precluding the co-trustees’ claim, the only sensible interpretation in the light of the convoluted history of the commission statutes and the clear legislative intent to equalize commissions payable to pre- and post-1956 trustees, is that section 8 which does expressly provide that receiving commissions are not to be allowed to additions or gains occurring after 1978 denies receiving commission to trustees who qualify after such date. (L 1978, ch 237, § 8.)
The apparent reason for preserving receiving commissions in SCPA 2308 (1) is to continue to protect the rights of those trustees who had served for years for low commissions and who would be deprived of principal-receiving commissions which had already been earned before the effective date of the statute but not then collected. The Bankers’ Association letter (op. cit.) states the statute retains such commissions only for trustees who were in office on or before the effective date as to "(1) (i) property actually received by such a Trustee before the effective date of the Bill, (ii) property distributed by such a Trustee before the effective date of the Bill, (iii) increments in value realized (meaning sale or exchange of trust property) by such a Trustee before the effective date of the Bill, and (2) after the effective date of the Bill, for property distributed on termination, or as an interim distribution during the term, of such a trust after the effective date of the Bill, at the fair market value of the property on date of termination or interim distribution of such a trust. The Bill does not allow such receiving commissions on additions of property made to, or on that portion of increments (increases) in value of property occurring from the effective date of the Bill to the date such increments are realized (meaning sold or exchanged) by, such a trust after the effective date of the Bill, in accordance with an amendment incorporated in Section 8 of the bill as suggested by the Attorney General.”
Amendatory acts are defined as "those which alter the test of a proposed bill or an existing enactment.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 191, at 352.) The Legislature in enacting an amendment to a statute is deemed to have intended to materially change the law. "In considering the meaning and effect of the amendatory act, it is desirable to have in mind the previous condition of the law on the subject, and the history and purposes of the statutes which are amended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 191, at 353.) In effectuation of such intention statutes in pari *89 materia may be read together though the later one is not an actual amendment of the earlier (McKinney’s Cons Laws of NY, Book 1, Statutes § 192, at 356).
It cannot be reasonably disputed that SCPA 2308 and 2309 have a common aim or purpose. It is also beyond dispute that section 2309 bars all principal-receiving commissions. Harmonizing the two statutes in the light of the evident purpose of the Legislature, the historical background of the commission statutes, the opinion of the Attorney-General, and the general spirit of section 2308, it is apparent that principal-receiving commissions were not preserved for trustees of pre-1956 trusts who qualified after the effective date of the 1978 amendments. To hold otherwise would render the amendment of no material effect.
The objections are sustained accordingly. The other objection having been withdrawn, the account may be settled. Upon the consents of the beneficiaries of the trust, their counsel fees may be paid in the amount requested from the principal of the trust.